# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**RICHARD JERRY MCLEOD**,

    Plaintiff,

v.

**ROBERT BRUCE**,

    Defendant.

Civil Action No. 7:18-CV-66 (HL)

## ORDER

Before the Court is Defendant Robert Bruce's Traverse and Emergency Motion (A) to Quash and/or Dismiss Purported Garnishment Proceedings against Non-Party "Robert Bruce Land & Cattle, LLC", and (B) for a Temporary Restraining Order. (Doc. 156). Also before the Court is Robert Bruce Land & Cattle, LLC's Motion to Intervene. (Doc. 158). The Court held a hearing on these matters on March 9, 2022.[1] At the conclusion of the hearing, the Court granted Robert Bruce Land & Cattle, LLC's motion to intervene and dismissed the garnishment proceedings initiated by Plaintiff against the entity. The Court denied the company's request for a temporary restraining order. This order memorializes the Court's oral rulings.

---

[1] The Court **GRANTS** Defendant Robert Bruce's Motion for Hearing. (Doc. 157).

## I. BACKGROUND

On April 22, 2021, the Court entered an Order granting pro se Plaintiff Richard Jerry McLeod a default judgment in the amount of $62,640.00 against Defendants Robert Bruce, Mark Nichols, Clint Nichols, and Tyler Nichols. (Doc. 89). Plaintiff has been endeavoring to collect the judgment since that time. On May 13, 2021, Plaintiff requested the Clerk of Court issue a writ of execution to garnish the bank accounts of Defendant Robert Bruce. (Doc. 92). Plaintiff requested that the Clerk deliver the writ to the United States Marshal for service on any accounts held by Bruce. (Id.). The Clerk of Court responded to Plaintiff by letter dated May 24, 2021, explaining that while the Clerk would issue the writ of execution, the Clerk's office "do[es] not coordinate the execution of writs with the U.S. Marshal Service or other entities." (Doc. 98). The Clerk further informed Plaintiff that it was his responsibility to take any action "necessary regarding the writ or collection of the judgment." (Id.). The Clerk of Court issued a Writ of Execution as to Robert Bruce, Mark Nichols, Clint Nichols, and Tyler Nichols on May 28, 2021. (Doc. 102).

Plaintiff has made numerous attempts to collect the judgment specifically against Defendant Robert Bruce. Plaintiff purportedly served TC Federal Bank,[2]

---

[2] TC Federal Bank received service of the Writ of Execution and on July 29, 2021 responded that it "is not in the possession or control of any money or property belonging to said defendants." (Doc. 107).

2

Ameris Bank,[3] and Citizens National Bank of Quitman ("CNB") with summons of garnishment.[4] CNB filed an Answer to Plaintiff's attempted garnishment action on August 2, 2021. (Doc. 108). In its response, CNB contends that Plaintiff failed to follow the Georgia law for commencing garnishment proceedings. (Id. at p. 1). The bank requested that the Court enter an order relieving it from the Writ of Garnishment and any liability associated with the Writ of Garnishment. (Id. at p. 2). Out of an abundance of caution, however, CNB deposited $3,606.76 from Robert Bruce's individual bank account into the registry of the Court. (Doc. 112). The Court is holding CNB's request for relief in abeyance until the Court rules on Bruce's pending Motion to Set Aside Default Judgment. (Doc. 137). The Court likewise is withholding ruling on Plaintiff's motions for disbursement of the funds (Docs. 117, 154).

On September 22, 2021, Plaintiff filed a Motion and Application for Charging Order seeking to charge Robert Bruce's farming business, Robert

---

[3] Ameris Bank filed a Financial Institution Garnishee Answer on October 25, 2021, informing the Court that it has no funds of Defendant Robert Bruce in its possession. (Doc. 124).

[4] There is no evidence on the Court's docket that Plaintiff properly filed an affidavit with the Clerk of Court seeking issuance of a summons of garnishment for any of these entities, nor is there evidence that Plaintiff properly served the summons on any of the financial institutions as required by O.C.G.A. §§ 18-4-3 and 18-4-8. Plaintiff filed a Certificate of Service on September 28, 2021, certifying that he served Citizens National Bank of Quitman with a copy of the garnishment proceedings by "electronic delivery." (Doc. 119). Plaintiff also filed a letter addressed to United States Marshal John Carey Bittick requesting service on the bank. (Doc. 118). However, Plaintiff has filed no return of service evidencing personal service.

Bruce Land & Cattle, LLC, with payment of the unsatisfied judgment entered against Bruce individually. (Doc. 115). Under O.C.G.A. § 14-11-504,

> a judgment creditor of a member of a limited liability company has a statutory right to collect a judgment debt from the member's distributional interests in a limited liability company by obtaining a charging order and diverting payments to the creditor which would otherwise have been made to the member.

Mahalo Inv. III, LLC v. First Citizens Bank & Trust Co., Inc., 330 Ga. App. 737, 738 (2015); see also Wood v. Stidham, 271 Ga. App. 435, 437 (2004) ("An interest in a limited liability company is personal property that may be charged with payment of an unsatisfied judgment against a member of the company."). Georgia law defines "limited liability company interest" as "a member's share of the profits and losses of a limited liability company and a member's right to receive distributions." O.C.G.A. § 14-11-101(13).

The Court has not yet ruled on Plaintiff's motion for a charging order. The Court will provide Plaintiff with an opportunity to argue why a charging order should issue in this case at the hearing scheduled for April 20, 2022 in Valdosta, Georgia.

Even without a charging document in hand, Plaintiff forged ahead with attempting to levy Robert Bruce Land & Cattle, LLC's account at CNB. Again, there is no evidence that Plaintiff filed a proper affidavit in support of issuance of a summons of garnishment or that Plaintiff personally served the bank with the summons. CNB responded to what the bank refers to as Plaintiff's Second

4

Garnishment on October 12, 2021. (Doc. 120). In its Answer, CNB asserts the procedural deficiencies associated with the garnishment and notes Plaintiff's failure to obtain a charging order in relation to any account of Robert Bruce Land & Cattle, LLC. (Id.). Nevertheless, CNB, out of an abundance of caution, deposited $1,000.08 from the account of Robert Bruce Land & Cattle, LLC into the registry of the Court. (Id.).

Plaintiff served CNB with a third purported garnishment action by mail on February 16, 2022, seeking to obtain any funds deposited at CNB by Robert Bruce Land & Cattle, LLC. (Doc. 156, p. 2; Doc. 156-1). Exercising caution, CNB once more remitted the contents of the LLC's account totaling $20,456.14 to the registry of the Court. (Doc. 160).

## II.   DISCUSSION

### A.   Motion to Intervene

Robert Bruce Land & Cattle, LLC moves the Court under Federal Rule of Civil Procedure 24(a) for leave to intervene as of right. (Doc. 158). Rule 24(a) provides that the Court must permit intervention by a party who files a timely motion and who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Had Plaintiff waited for the Court to rule on his motion for issuance of a charging order, there would be no need for Robert Bruce Land & Cattle, LLC's intervention. When a charging order is issued, it is not necessary for the limited liability company to be made a party to the proceeding "[b]ecause the limited liability company has no right or direct interest that is affected by the charging order." <u>Mahalo</u>, 330 Ga. App. at 743. Here, however, Plaintiff proceeded with his attempt to garnish the LLC's account without first obtaining a charging order. Consequently, the interests of Robert Bruce Land & Cattle, LLC have been put risk. Finding that Robert Bruce Land & Cattle, LLC filed a timely motion to intervene, that the company has an interest in protecting its assets, that denying the motion to intervene would impair the company's ability to protect that interest, and that no other existing party adequately represents that interest, the Court **GRANTS** Robert Bruce Land & Cattle, LLC's motion to intervene.

    **B.**    **Garnishment**

Robert Bruce Land & Cattle, LLC next moves the Court to quash and/or dismiss the garnishment proceedings. As the Court stated during the hearing, it is difficult to even call this matter a garnishment because Plaintiff has in no way complied with Georgia's statutory framework for garnishment. Setting the issue of the charging order aside, to the extent that Plaintiff did effectively initiate garnishment proceedings against Robert Bruce Land & Cattle, LLC's account at CNB, the Court **DISMISSES** the garnishment and **ORDERS** the Clerk of Court to

return any funds deposited into the Court's registry by CNB from the accounts of Robert Bruce Land & Cattle, LLC.

Georgia law sets forth very specific steps a judgment creditor must take to commence garnishment proceedings. First, the plaintiff must submit an affidavit showing (1) that the plaintiff obtained a judgment against a named defendant; (2) the amount of the judgment; (3) the name of the court which entered the judgment; and (4) the case number thereof. O.C.G.A. § 18-4-3(a). Upon reviewing the affidavit, a court having jurisdiction to preside over garnishment proceedings shall then issue a summons of garnishment. O.C.G.A. § 18-4-3(b). Georgia law next requires the plaintiff to personally serve the garnishee as provided by O.C.G.A. § 9-11-4 with a copy of the affidavit and the summons of garnishment. O.C.G.A. § 18-4-8(a). At any time after filing the affidavit of garnishment, but no more than three business days after service of the garnishment on the garnishee, the plaintiff must send a copy of the affidavit and summons of garnishment to the defendant by regular and certified mail and file proof of mailing with the clerk of court. O.C.G.A. § 18-4-8(b)(1)(A). Alternatively, the plaintiff may personally serve the defendant. O.C.G.A. § 18-4-8(b)(1)(B).

While Plaintiff expressed his belief that the U.S. Marshal served the bank with the summons of garnishment, it is undisputed that Plaintiff never filed proof of service with the court as required by the statute. It is further undisputed that Plaintiff did not file a garnishment affidavit, and the Clerk of Court never issued a

7

summons of garnishment. Rather, Plaintiff completed his own affidavit form and summons of garnishment, which he then mailed to the bank. Plaintiff accordingly has never effectively instituted any garnishment proceedings against Robert Bruce Land & Cattle, LLC. Plaintiff therefore is not entitled to receive any of the funds paid by CNB into the registry of the Court.

The Court hereby **ORDERS** that CNB be relieved from any liability associated with any purported garnishment of the account of Robert Bruce Land & Cattle, LLC. The Court further **ORDERS** the Clerk of Court to return the $1,000.08 deposited by CNB on October 13, 2021 from the account of Robert Bruce Land & Cattle, LLC, along with any interest which has accrued, and to return the check for $20,456.14 issued by CNB from the same account, which has not yet been received by the Court.

### C. TRO

Robert Bruce Land & Cattle, LLC moves the Court to issue a temporary restraining order enjoining Plaintiff from attempting any further collection efforts against the LLC. (Doc. 156). The Court issued Plaintiff a strong warning against continuing to attempt to circumvent the law on his mission to collect the default judgment entered in this case. However, the Court is not prepared to order that Plaintiff not be permitted to pursue payment of the judgment through any legal means. The Court therefore **DENIES** Robert Bruce Land & Cattle, LLC's motion for a temporary restraining order.

III.     **CONCLUSION**

For the following reasons, the Court **GRANTS** Robert Bruce Land & Cattle, LLC's Motion to Intervene. (Doc. 158). The Court **DISMISSES** any purported garnishment proceedings issued by Plaintiff to Citizens National Bank of Quitman and orders the return of all funds deposited by the bank from the account of Robert Bruce Land & Cattle, LLC, along with any interest which may have accrued. The Court **DENIES** Robert Bruce Land & Cattle, LLC's motion for temporary restraining order. (Doc. 156).

**SO ORDERED** this 10th day of March, 2022.


                                           *s/ Hugh Lawson*
                                           **HUGH LAWSON, SENIOR JUDGE**

aks