IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**JERRY MCLEOD**,

      Plaintiff,

v.

      Civil Action No. 7:18-CV-66 (HL)

**ROBERT BRUCE**,

      Defendant.

## ORDER

This matter came before the Court on May 18, 2022, for a hearing on Defendant Robert Bruce's Motion to Set Aside Default Judgment. (Doc. 137). Having determined that Defendant's failure to respond to Plaintiff's lawsuit was the result of mistake and excusable neglect, the Court **GRANTED** Defendant's motion to set aside the default judgment entered against him. The Court then declined to exercise supplemental jurisdiction over Plaintiff's revived state law claims pending against Defendant. The Court consequently found Defendant's motions to dismiss and all motions relating to any outstanding garnishment issues to be moot and **DENIED** them accordingly. The Court also **DENIED** Defendant's motion for contempt and sanctions. This Order memorializes those rulings.

## I.    BACKGROUND

Plaintiff filed a pro se Complaint against Defendant Robert Bruce and numerous others on April 24, 2018, seeking relief for damages he sustained after

a February 28, 2017 raid on his property and his subsequent arrest. After conducting a preliminary screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(a), the Court dismissed Plaintiff's claims against Defendant raised under 42 U.S.C. §§ 1983, 1985, and 1986 for alleged violations of his Fourth and Fourteenth Amendment rights. The Court permitted Plaintiff's state law conversion claim to proceed and directed service on Defendant. The United States Marshal personally served Defendant on May 2, 2019. (Doc. 58). Defendant failed to file an answer or to otherwise respond to Plaintiff's Complaint as required by Federal Rule of Civil Procedure 12.

On April 2, 2020, the Court granted a motion for summary judgment filed by Defendants Mike Dewey, Joe Wheeler, Eugene Owen, Ed Melton, Lonnie Doe, John Ulm, and Willie Clemons. (Doc. 72). The Order disposed of all Plaintiff's claims against those Defendants. The Order further noted that claims remained against four Defendants who were not parties to the motion for summary judgment, including Defendant Bruce. (Id. at p. 6 n.8). Following entry of the Court's Order on the motion for summary judgment, Plaintiff took no further action against these other Defendants. Accordingly, on November 19, 2020, the Court issued an Order to Show Cause, directing Plaintiff to demonstrate why his claims against the lingering Defendants should not be dismissed for failure to prosecute. (Doc. 83). Plaintiff responded by filing a Motion for Entry of Default Judgment, seeking entry of default and an award of compensatory and punitive damages for the loss he sustained. (Doc. 84). Plaintiff also filed an affidavit in support of his motion to which

2

he attached a letter purporting to provide Defendant with notice of Plaintiff's intent to seek a default judgment. (Doc. 85-2). The letter is not dated, nor is there any evidence of if or when it was mailed or received. Defendant denies receiving the letter or a copy of Plaintiff's motion.

The Court scheduled a hearing on Plaintiff's motion for April 21, 2021. The Court's docket includes a notation from the Clerk of Court that notice of the hearing was mailed to Defendant at 3144 Grooverville Road, Quitman, Georgia on April 8, 2021. Defendant testified that he did not receive anything from the Clerk's office.

Plaintiff appeared before the Court on April 21, 2021. The Court found Defendant Bruce in default. Based on the evidence presented by Plaintiff, the Court concluded that Plaintiff was entitled to an award of both compensatory and punitive damages. The Court entered a default judgment against Defendant Bruce and the three other Defendants in default for $15,660.00 in compensatory damages and $46,980.00 in punitive damages.

Plaintiff requested a Writ of Execution on May 13, 2021 and again on May 27, 2021. (Docs. 92, 100). The Clerk of Court issued the writ on May 28, 2021. (Doc. 102). There is no evidence that Plaintiff provided Defendant with a copy of the writ. Plaintiff then began initiating garnishment proceedings against Defendant. On September 3, 2021, Citizens National Bank of Quitman ("CNB") filed a Motion to Pay Funds into the Registry of the Court. (Doc. 111). While the motion outlines Plaintiff's failure to follow Georgia's law governing garnishment procedures, out of an abundance of caution, CNB requested permission to pay funds from

Defendant's account into the registry of the Court until such time as the Court determined whether Plaintiff satisfied his obligations under Georgia's garnishment statute. The Court granted CNB's motion, and the bank deposited $3,606.76 into the Court's registry. (Docs. 111, 112).[1]

Defendant testified that he did not learn of the default judgment entered against him until late September 2021, when Plaintiff mailed Defendant a copy of his Motion and Application for a Charging Order (Doc. 115). Defendant hired an attorney, who filed an entry of appearance on October 26, 2021. (Doc. 121). Defendant now moves the Court to set aside the default judgment and to dismiss all claims and garnishment proceedings pending against him.

## II. DISCUSSION

### A. Motion to Set Aside Default Judgment

Defendant moves the Court to set aside the entry of default and default judgment entered against him on April 22, 2021. (Doc. 89). Defendant admits that he received personal service of Plaintiff's Complaint and that he did not file a timely answer. However, Defendant argues that his inaction was the result of excusable neglect.

---

[1] Plaintiff also attempted to garnish funds held in an account for Robert Bruce Land & Cattle, LLC. (Docs. 120, 156). The Court held a hearing on March 9, 2022, during which the Court granted the cattle company's motion to intervene (Doc. 158) and dismissed all garnishment proceedings pending against the company. (Doc. 162). All funds remitted to the Court's registry by CNB from the account of Robert Bruce Land & Cattle, LLC have been returned to the bank.

Rule 55 of the Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Typically, the clerk of court will enter default upon the application of the non-defaulting party; however, "a defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." 10A Charles Allen Wright et al., Fed. Prac. & Proc. Civ. § 2692 (4th Ed. 2018).

If the plaintiff's claim is not for a sum certain, the plaintiff must then apply to the court for a default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). The court may conduct a hearing when it is necessary to (a) conduct an accounting; (b) determine the amount of damages; (c) establish the truth of any allegation; or (d) investigate any other matter. Id. While the Court may set aside an entry of default for good cause, in order to set aside a default judgment, the moving part must satisfy the requirements of Federal Rule of Civil Procedure 60(b).

Rule 60(b) permits a court, in its discretion, to vacate a prior order that was entered as a result of a party's "mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007). For the purposes of Rule 60(b), excusable neglect encompasses situations in which the failure to comply with a filing deadline

is attributable to negligence. <u>Cheny v. Anchor Glass Container Corp.</u>, 71 F.3d 848, 850 (11th Cir. 1996). Other relevant factors include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.</u>, 507 U.S. 380, 394 (1993).

Applying these factors, the Court finds that the totality of the circumstances weigh in favor of Defendant. During these proceedings, it came to light that Plaintiff filed a Complaint in Trover against Defendant in the Brooks County Magistrate Court based on the same factual allegations asserted in this Court. (Doc. 134, p. 17). Plaintiff filed the state court action on March 29, 2018, a little less than a month before he filed his federal lawsuit on April 24, 2018. (<u>Id.</u>). Defendant received service of the state court complaint on March 30, 2018. (<u>Id.</u> at p. 18). Defendant filed a pro se answer to that lawsuit on April 27, 2018. (<u>Id.</u> at p. 19). He heard nothing further about the suit.

Defendant did not receive service of the lawsuit filed in this Court until May 2, 2019. (Doc. 58). Defendant was understandably confused when he received the paperwork. Defendant contacted Howell Watkins, a Florida attorney who purchased the property on which Plaintiff formerly lived at a tax sale and who Plaintiff named as a Defendant in both the Brooks County Magistrate Court case and this case. Defendant testified that when he asked Watkins what he should do in response to the federal lawsuit, Watkins advised Defendant that he would check

6

into the matter and let Defendant know how to respond. Defendant received no more information and was under the impression that the federal case had been dismissed against him.[2]

Defendant testified that he received no more communication from either Plaintiff or the Court regarding this case until late September 2021, when Plaintiff mailed Defendant a copy of his motion for a charging order. Defendant promptly consulted with an attorney, who filed an entry of appearance a few weeks later on October 26, 2021. (Doc. 121). The attorney moved to set aside the default judgment within a week.

Based on these facts, the Court is satisfied that no prejudice will result to Plaintiff if the Court sets aside the default judgment. At the time Defendant filed this motion, the parties were litigating the same state law conversion claim in a state court. That action remained pending until March 25, 2022, when, as the Court understands, Plaintiff elected to voluntarily dismiss that case after learning that the Magistrate Court scheduled a hearing for April 13, 2022. Plaintiff's claims fall within Georgia's renewal statute, which permits a litigant to recommence an action within six months after filing a voluntary dismissal. O.C.G.A. § 9-2-61(a). Plaintiff

---

[2] The Court's frivolity review dismissed Plaintiff's federal law claims against Defendant. (Doc. 29, p. 37-39). However, the Court permitted Plaintiff's state law conversion claim against Defendant to proceed. (Id. at p. 39-40). The Court's Order also dismissed all of Plaintiff's claims asserted against Howell L. Watkins and Howell L. Watkins Realty Corporation. (Id. at p. 46-49). The Order is long and detailed as the Court was required to review Plaintiff's lengthy and confusing Complaint.

therefore has an adequate avenue for pursuing these claims should he choose to do so.

The Court further finds that Defendant acted diligently and in good faith in responding to the default judgment as soon as he learned of it. There is no evidence that Plaintiff has been prejudiced by the delay between the time the Court entered the judgment and when Defendant learned of the judgment and filed the present motion to set aside. Any delay also is plainly the result of the confusion between the parallel state and federal actions, Defendant's ignorance of the law, and Defendant's reliance on the guidance provided by someone he believed understood the proceedings. Defendant additionally has established that he has a meritorious defense to Plaintiff's state law claims. For these reasons, the Court finds that Defendant has satisfied the requirements to set aside the default judgment under Rule 60(b). The Court accordingly sets aside the default under Rule 55(c) and sets aside the default judgment under Rule 60(b)(1).

Plaintiff's state law conversion claim against Defendant is now the only claim before the Court. "[D]istrict courts shall have original jurisdiction of all civil actions arising under . . . laws . . . of the United States." 28 U.S.C. § 1331. Supplemental jurisdiction permits a court to hear a plaintiff's state law claims when they arise out of the same common nucleus of operative facts as the plaintiff's federal law claims. 28 U.S.C. § 1367(a); Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006). The supplemental jurisdiction statute "reflects a dichotomy between a federal court's *power* to exercise supplemental jurisdiction . . . and its

8

*discretion* not to exercise such jurisdiction." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997) (emphasis in original). The district court has discretion not to exercise supplemental jurisdiction in four situations:

(1)     the claim raises a novel or complex issue of state law,

(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)     the district court has dismissed all claims over which it has original jurisdiction, or

(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006).

Having previously disposed of all Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. Plaintiff's conversion claim against Defendant accordingly is **DISMISSED without prejudice**.

### B.     Motion for Sanctions

On March 10, 2022, the Court entered an Order (Doc. 162) denying Defendant's Traverse and Emergency Motion (A) to Quash and/or Dismiss Purported Garnishment Proceedings against Non-Party "Robert Bruce Land & Cattle, LLC," and (B) for a Temporary Restraining Order (Doc. 156). Defendant filed this motion following multiple attempts by Plaintiff to garnish bank accounts held by Defendant's business, Robert Bruce Land & Cattle, LLC. The Court found the garnishment proceedings did not comply with Georgia law and dismissed any

purported garnishment action against the cattle company. The Court denied Defendant's request for a temporary restraining order prohibiting Plaintiff from initiating any further garnishment actions until the Court ruled on Defendant's motion to set aside the default judgment. The Court expressed concern about limiting Plaintiff's ability to collect a lawful judgment through legitimate means. The Court did, however, caution Plaintiff against continuing to pursue garnishment without abiding by Georgia's garnishment statute.

Plaintiff has since made numerous additional attempts in both federal and state court to garnish Defendant's accounts and to levy on other property owned by Defendant. Defendant argues that Plaintiff "must be held accountable for his knowing and intentional contemptuous actions in violation of this Court's rulings." (Doc. 177). The Court is sympathetic to Defendant's frustration. However, the Court does not believe that sanctions are warranted based on the facts alleged. The Court therefore **DENIES** Defendant's motion for sanctions.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Robert Bruce's Motion to Set Aside Default Judgment (Doc. 137) and sets aside both the entry of default and the default judgment. Having declined to exercise supplemental jurisdiction over the revived state law claims pending against Defendant Bruce, the Court **DISMISSES without prejudice** Plaintiff's state law conversion claim against Defendant.

The Court **DENIES** Defendant's Motion for Contempt and Sanctions (Doc.

177). The Court **DENIES as moot** the following motions:

(1)    Plaintiff's Motion and Application for the Court to Issue a Charging

Order (Doc. 115);

(2)    Plaintiff's Motion for Payment of Garnishment Funds (Doc. 117);

(3)    Plaintiff's Motion for Conditional Judgment and Notice to Garnishee

(Doc. 123);

(4)    Plaintiff's Motion for Disbursement of Funds (Doc. 154);

(5)    Plaintiff's Motion Requesting the Court to Issue Subpoena Duces

Tecum (Doc. 167);

(6)    Plaintiff's Emergency Renew Motion for Issuance of Subpoena (Doc.

168);

(7)    Plaintiff's Motion for Writ of Garnishment (Doc. 175);

(8)    Plaintiff's Motion to Continue Hearing (Doc. 170);

(9)    Plaintiff's Emergency Motion for Expedited Post Judgment Discovery

and Motion to Compel Discovery (Doc. 171);

(10)   Plaintiff's Motion for Writ of Garnishment (Doc. 176);

(11)   Plaintiff's Motion to Withdraw and Cancel Request for Issuance of

Garnishment Applications (Doc. 179);

(12)   Defendant's motions to dismiss (Docs. 128, 164);

(13)   Defendant's Motion to Stay Collection Judgment and Receipt of

Garnishment Proceeds from Registry of the Court (Doc. 129);

(14)   Defendant's Motion and Amended Motions for Contempt and Sanctions (Docs. 177, 180, 181);

(15)   Defendant's Motion to Quash Post-Judgment Interrogatories (Doc. 178).

The Court **ORDERS** the Clerk of Court to return any funds deposited into the Court's registry by Citizens National Bank of Quitman from the accounts of Defendant Robert Bruce, along with any interest which may have accrued.

**SO ORDERED**, this the 25th day of May, 2022.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

aks