**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**RICHARD JERRY MCLEOD**,

      Plaintiff,

v.                                                          Civil Action No. 7:18-CV-66 (HL)

**ROBERT BRUCE,**

      Defendant.

**ORDER**

This case is before the Court on Plaintiff Richard Jerry McLeod's Motion for Leave to Appeal In Forma Pauperis ("IFP") (Doc. 189). Judgment in this case was entered on June 9, 2022. (Doc. 187). Plaintiff filed a Notice of Appeal (Doc. 188) on June 21, 2022, challenging the Court's Order (Doc. 186) granting Defendant Robert Bruce's motion to set aside the default judgment entered against him and dismissing Plaintiff's state law claims and garnishment applications. Plaintiff wishes to pursue his claims on appeal and seeks permission to do so without prepayment of the mandatory filing fee.

In the Court's best judgment, Plaintiff's appeal cannot be taken in good faith. Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Federal Rule of Appellate Procedure further provides that a party who wishes to

appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that: "(A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(3). Thus, the moving party first must demonstrate an inability to pay. Second, there must be evidence that the appeal is brought in good faith. The Court is satisfied that Plaintiff is financially unable to pay the required filing fee. However, Plaintiff is not entitled to proceed IFP because his appeal is not taken in good faith.

A party "demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 859 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)). An IFP action is frivolous, and thus not brought in good faith, where it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.3d 924, 925 (11th Cir. 1991) (per curium). A claim should be permitted to proceed where it is arguable but may ultimately be unsuccessful. See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

Plaintiff's Notice of Appeal raises two challenges. First Plaintiff argues that the Court erred in granting Bruce's motion to set aside the default judgment. Second, Plaintiff argues the Court erred in voiding his garnishment pleadings.

2

Based on the Court's review of the case, the Court certifies that Plaintiff's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a) because the issues he intends to raise on appeal are "without arguable merit either in law or in fact." <u>See</u> <u>Napier</u>, 314 F.3d at 531. Plaintiff's application to appeal IFP (Doc. 189) is therefore **DENIED**. Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure should he wish to pursue this appeal further.

     **SO ORDERED**, this 6th day of July, 2022.

                *s/ Hugh Lawson*
                **HUGH LAWSON, SENIOR JUDGE**

aks